UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROWNING,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DUANE LILIEN dba CONSTRUCTION EXPEDITERS, GREENSTAR BUILDING SYSTEMS, LLC, AND DOES 1-10,<br><br>　　　　　　　　　　Defendant. | Case No.:  15CV2208-GPC (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION REGARDING THE SUFFICIENCY OF ANSWERS OR OBJECTIONS AND TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**<br><br>**[ECF No. 26]** |

Currently before the Court is Defendant's August 15, 2016 "MOTION REGARDING THE SUFFICIENCY OF ANSWERS OR OBJECTIONS AND TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS," [ECF No. 26 ("MTC")] Plaintiff's August 31, 2016 "PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS," [ECF No. 28 ("Oppo.")] and Defendant's September 1, 2016, "RESPONSE TO OPPOSITION OF MOTION REGARDING THE SUFFICIENCY OF ANSWERS OR OBJECTIONS AND TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS" [ECF No. 29 ("Reply")].  For the reasons set forth below, Defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

The above-entitled matter was initiated on October 2, 2015 when Plaintiff filed a complaint alleging breach of contract and fraudulent misconduct, and seeking monetary damages. ECF No. 1. On June 13, 2016, Defendant served Plaintiff with Requests for Admission ("RFA"), Interrogatories, and Requests for Production of Documents ("RFP").  MTC at 2; see also Exhs. 1-4. Defendant states that Plaintiff has not responded to any of Defendant's discovery

1 | requests and that Plaintiff's attorney has not contacted Defendant regarding the discovery.  MTC
2 | at 3.
3 |       On August 15, 2016, Defendant filed the instant motion.  MTC.  Defendant moves the
4 | Court for an order deeming all of the requests for admission admitted, prohibiting Plaintiff from
5 | objecting to Defendant's interrogatories and requiring Plaintiff to answer them, requiring Plaintiff
6 | to provide the requested documents, and awarding sanctions to Defendant.  Id.  On August 17,
7 | 2016, the Court issued an order requiring Plaintiff to file his opposition on or before August 26,
8 | 2016, and Defendant to file his reply on or before September 2, 2016.  ECF No. 27.
9 |       Plaintiff filed his opposition on August 31, 2016.  Oppo.  The Court accepted Plaintiff's
10 | opposition, despite it being filed five days late.  Plaintiff argues that the motion is moot because
11 | he has "provided responses which it seems is what is requested by Defendant."  Id. at 3, 5-6;
12 | ECF No. 28-1, Declaration of 'Isi Mataele ("Mataele Decl.') at 2.  Plaintiff does not specify which
13 | discovery requests he provided responses to nor the date on which he provided the responses.
14 | See Oppo.  Plaintiff also does not provide any proof of the alleged responses, such as the actual
15 | responses and the proofs of service.  Id.  Rather, Plaintiff merely argues that Defendant's motion
16 | should be denied because it contains no legal authority and is unintelligible, and because
17 | Defendant failed to comply with the local rules regarding discovery disputes.  Id.
18 |       Defendant filed his timely reply on September 1, 2016.  Reply.  Defendant states that
19 | Plaintiff's attorney still has not contacted Defendant regarding Defendant's discovery and that
20 | Defendant has not received responses to any of his discovery requests.  Id. at 2-3; ECF No. 29-
21 | 2, Declaration of Duane Lilien ("Lilien Decl.") at 2.  Additionally, Defendant contends that he
22 | clearly and concisely states the grounds for his motion by citing to the Federal Rules of Civil
23 | Procedure and that those rules authorize the Court to grant Defendant's requested relief.  Id. at
24 | 3.  Accordingly, Defendant asserts his motion is not moot.  Id. at 4.  In conclusion, Defendant
25 | explains that he is *pro se* and has complied with every deadline set by this Court, while Plaintiff's
26 | counsel consistently fails to comply with the deadlines.  Id.  For all these reasons, Defendant
27 | argues the Court should grant his motion and issue sanctions against Plaintiff.  Id.
28 | //

# DISCUSSION

Defendant moves to compel Plaintiff to (1) answer Interrogatories 1-25, and (2) produce documents responsive to RFPs 1-24 from Defendant's First Set of Written Discovery Requests. MTC. Defendant also moves the Court to admit RFAs 1-18 from Defendant's First Set of Written Discovery Requests. Id. Plaintiff opposes Defendant's motion, arguing that (1) Defendant's motion failed to provide sufficient notice and information for Plaintiff to respond, (2) Defendant made no efforts to meet and confer and did not file a certificate of compliance, and (3) Defendant's motion is moot because Plaintiff provided responses to the discovery requests. Oppo. at 3-5.

### A. Plaintiff's Opposition

As set forth above, Plaintiff does not specifically address the merits of Defendant's discovery requests. See id. Rather, Plaintiff challenges the validity of the motion to compel stating that it is "fatally defective." Id. at 3. In support, Plaintiff asserts that Defendant's motion failed to provide sufficient notice of the legal grounds and of the relief sought, that Defendant failed to meet and confer and did not file the required certificate of compliance, and that Defendant's motion is moot. Id. at 3-5. The Court initially will consider Plaintiff's challenges to Defendant's motion to compel.

#### 1. Insufficiency of Defendant's Motion

Plaintiff argues that the Court should deny Defendant's motion to compel because it lacks legal authority, fails to identify the basis for the motion and the specific relief sought, and is so "unintelligible" Plaintiff cannot respond. Id. Plaintiff is wrong.

Rule 7 of the Federal Rules of Civil Procedure provides that discovery motions must "state with particularity the grounds for seeking the order" and "state the relief sought." Fed. R. Civ. P. 7(b)(1)(B)-(C). The specificity requirement is liberally interpreted and is met if the motion provides the opposing counsel and the Court with sufficient information to rule on the motion. United States v. Vacante, 717 F. Supp. 2d 992, 1019-1020 (E.D. Cal. 2010) (citing Intera Corp. v. Henderson, 428 F.3d 605, 613 (6th Cir. 2005), Roy v. Volkswagenwerk Aktiengesellschaft, 781 F.2d 670, 670-1 (9th Cir. 1985), Registration Control Sys., Inc. v. Compusystems, Inc., 922

1  F.2d 805, 808 (Fed. Cir. 1990)).

2  The Court finds that Defendant has adequately described the discovery dispute and relief he is seeking.  Defendant states that he served interrogatories, document requests, and requests for admission on Plaintiff on June 13, 2016.  MTC at 2-3; Exhs. 1-4 (the actual discovery requests and proofs of service).  Defendant further states that Plaintiff did not respond to any of the discovery requests. MTC at 3.  Finally, Defendant cites Federal Rule of Civil Procedure 36(a)(6) and asks the Court to "deem all Requests [For Admission] to be admitted." Id.  Defendant also argues that since Plaintiff did not timely object to Defendant's interrogatories and document requests, he should not be allowed to object to the requests and should be ordered to respond. Id. at 4.  ("With regard to the Request for Admissions, Lilien is entitled to an order from this court deeming those admissions Browning failed to respond to, admitted.  With regard to the Interrogatories and Request for Production of Documents, Lilien is entitled to an order from this court compelling Browning to properly and timely respond without any objections.").  The authority for these requests comes directly from the Federal Rules of Civil Procedure (see Fed. R. Civ. P. 33(a)-(b) and 34(a)-(b)) and the failure by the *pro se* Defendant to cite them should not have made the motion "unintelligible" to Plaintiff's lawyer.  Defendant also moves the court to award sanctions against Plaintiff.  Id. at 4 ("Lilien also asks this court to award any sanctions against Browning that it feels are just and fair.").  Again, the Federal Rules of Civil Procedure authorize sanctions.  See Fed. R. Civ. P. 37.

Defendant's motion to compel is simple and straight-forward: Defendant served discovery, Plaintiff did not respond, and Defendant wants answers.  While it does not contain much legal analysis, the issue is so basic that legal analysis is not required.  Defendant's motion easily provides sufficient information to permit opposing counsel and the Court to address the dispute and the Court therefore rejects Plaintiff's argument.

**2. Meet and Confer Efforts and Certificate of Compliance**

Plaintiff argues that the Court should deny Defendant's motion to compel because "Defendant failed to meet and confer as required or submit a certificate of compliance."  Oppo. at 4.  According to the Civil Local Rules for the Southern District of California, "[t]he court will

entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel shall have previously met and conferred concerning all disputed issues." S.D. Cal. Civ. R. 26.1(a). A court may deny a motion to compel because of a party's failure to meet and confer prior to filing the motion. Scheinuck v. Sepulveda, 2010 WL 5174340, *1 (N.D. Cal. Dec. 15, 2010). Civil Local Rule 26.1 also states that "[a]t the time of filing any motion with respect to Rules 26 through 37, Fed. R. Civ. P., counsel for the moving party must serve and file a certificate of compliance with this rule." Cal. Civ. R. 26.1(b).

Plaintiff is correct that Defendant did not file the required certificate of compliance. However, in his motion to compel, Defendant stated that Plaintiff had not responded in any way to his discovery requests. MTC at 3. In light of that representation the Court accepted Defendant's motion as filed and set a briefing schedule. ECF No. 27. Accordingly, the Court denies Plaintiff's request to deny the motion to compel on the basis that Defendant failed to meet and confer with Plaintiff's counsel about counsel's failure to respond to Defendant's discovery requests and Defendant's failure to file the required certificate.

**3. Mootness**

Plaintiff argues that the instant motion is moot because he provided responses to the discovery requests at issue. Oppo. at 5. Plaintiff supports this assertion with the declaration of his attorney, 'Isi Mataele, which states "Plaintiff had provided responses which it seems is what is requested by Defendant rendering the motion moot." Mataele Decl. at 2. As of September 1, 2016, Defendant asserts that he has not received responses to any of the discovery requests. Reply at 2; Lilien Decl. at 2. Defendant also points out that Plaintiff failed to give the Court a copy of the responses or the certificate of service to prove the responses were served. Id.

The Court finds that counsel's vague and conclusory statement that "Plaintiff had provided responses" is insufficient to moot the motion to compel. Mr. Mataele's declaration is inadequate as it does not specify which discovery requests Plaintiff responded to, nor the date on which the responses were provided. See Mataele Decl. Plaintiff and his lawyer also do not provide any evidence to support the claim that Plaintiff responded to Defendant's discovery, such as submitting a copy of the responses and proofs of service. Finally, Defendant disputes Mr.

Mataele's statement that discovery responses were provided to Plaintiff. Reply at 2; Lilien Decl. at 2. As a result, Defendant's motion is not moot. Plaintiff has not established that he responded to any of Defendant's discovery requests.

Because the Court has rejected all of Plaintiff's challenges to Defendant's motion to compel, the Court will now consider the merits of Defendant's motion to compel responses to his discovery requests. The Court notes that other than the vague and conclusory statement that he has responded to the discovery requests, Plaintiff fails to address the merits of Defendant's discovery requests or the remedies requested in the motion to compel.

**B. <u>Motion to Compel Answers to Interrogatories</u>**

Defendant states that he is entitled to a response from Plaintiff to all of Defendant's interrogatories without objection. MTC at 4. Defendant served Plaintiff with "Interrogatories to John Browning, Set One" on June 13, 2016. MTC at 2, Exhs. 2, 4. There are 25 interrogatories seeking information on a variety of topics. Exh. 2. Plaintiff does not claim that he did not receive the interrogatories and does not provide persuasive evidence that he did respond. See Oppo.; Mataele Decl. As of September 1, 2016, Defendant states that Plaintiff has not responded to any of Defendant's 25 interrogatories. Reply at 2.

A party may serve interrogatories that relate to any matter within the scope of Rule 26(b) of the Federal Rules of Civil Procedure.[1] Fed. R. Civ. P. 33(a). "The grounds for objecting to an interrogatory must be stated with specificity," and any interrogatory not objected to must be answered fully in writing under oath. Fed. R. Civ. P. 33(b). An interrogatory not objected to

---

[1] Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

within 30 days after the responding party has been served is waived, unless the court, for good cause, excuses the waiver. Fed. R. Civ. P. 33(b)(4). The waiver is effective "even in situations where a party had a proper objection to a discovery request." Reliance Ins. Co. v. Core Carriers, Inc., 2008 WL 2414041 *3 (M.D. Fla. June 11, 2008).

Plaintiff neither objected nor responded to any of Defendant's interrogatories. MTC at 3; see also Reply at 2. Additionally, Plaintiff has not provided the Court with an explanation or justification for his failure to serve timely objections or responses to Defendant's interrogatories. As such, Plaintiff has not established good cause for his failure to respond and therefore has waived any objections to the interrogatories.

Defendant's motion to compel responses without objections to "Interrogatories to John Browning, Set One" is **GRANTED**. Plaintiff must answer all 25 interrogatories without objection and serve the answers on Defendant by **September 30, 2016**.

### C. Motion to Compel Production of Documents

Defendant moves the Court to compel Plaintiff to produce the documents requested in his RFP which was served on Plaintiff on June 13, 2016. MTC at 3, Exhs. 3, 4. The RFP contains 24 requests for documents relating to communications Plaintiff was a party to, documents supporting Plaintiff's causes of action, and financial documents relating to the case. Id. at Exh. 3. Plaintiff neither objected nor responded to the RFP. MTC at 3.

A party may request the production of any document within the scope of Rule 26(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Rule 34 requires that objections to RFPs be timely and the grounds be stated with specificity. See Fed. R. Civ. P. 34(b)(2). "A party who fails to file timely objections [to discovery requests] waives *all* objections." Ramirez v. County of L.A., 231 F.R.D. 407, 409 (C.D. Cal 2005) (citing Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.), *cert. dismissed*, 506 U.S. 948 (1992)).

Plaintiff again fails to provide any explanation or justification for his failure to respond to

Defendant's requests for relevant documents. Accordingly, Plaintiff has not established good cause for his failure to respond and the Court finds that he has waived his right to object to the requests.

Defendant's motion to compel production of documents requested in his "Requests for Production of Documents, Set One" is **GRANTED.** Plaintiff must produce all responsive documents by **September 30, 2016**.

### D. Motion to Deem all Requests Admitted

Defendant served 18 requests for admission on Plaintiff on June 13, 2016. MTC, Exhs 1, 4. Plaintiff did not object or respond to these requests and Defendant therefore asks the Court to deem all of the requests admitted. MTC at 3.

Rule 36 of the Federal Rules of Civil Procedure states that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)." Fed. R. Civ. P. 36(a). Subsection (a)(4) requires one of three answers: (1) an admission; (2) a denial; or (3) a statement detailing why the answering party is unable to admit or deny the matter despite making a reasonable inquiry. See Fed. R. Civ. P. 36(a)(4). Alternatively, a party may object to a requested admission. See Fed. R. Civ. P. 36(a)(5) (stating that "the grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial").

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). If a party requesting an admission feels Rule 36 has not been met, that party may move to determine the sufficiency of the answer or objection. See Fed. R. Civ. P. 36(a)(6). "On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Id. An order deeming matters admitted is a "severe sanction." Asea, Inc. v. Southern Pacific Transportation Co., 669 F.2d 1242, 1247 (9th Cir. 1981). "Even when a party's answer [fails to comply] with the literal requirements of the Rule, courts generally order an amended answer rather than deem the matter admitted." Id. However, where a party fails

to produce any response to requests for admission and there has been no request in good faith for an extension of time within which to respond, the requests for admissions shall be deemed admitted. Sylvan Learning Ctr. v. Gordon, 1998 WL 34064495, * 4 (D. New Jersey December 15, 1998).

More than two months have passed since Defendant served the discovery requests and Plaintiff has not responded to Defendant's RFAs. See MTC; see also Reply. Plaintiff has not provided any credible evidence that he did not receive the RFAs, that he responded to the RFAs, or that he requested an extension of time to respond to them. This failure is exacerbated by the fact that Plaintiff apparently made no effort to respond to the RFAs, even after Defendant filed his MTC, and Plaintiff did not address the specific discovery requests in his opposition. Given Plaintiff's complete disregard for the discovery process and his failure to respond in any way to Defendant's RFAs, the Court finds the "severe sanction" appropriate and **GRANTS** Defendant's motion and deems admitted all of the RFAs set forth in "Requests for Admission, Set One."

### E. Request for Sanctions

Defendant asks the Court to award sanctions it feels are just and fair against Plaintiff. MTC at 4. Plaintiff does not address Defendant's request for sanctions in his opposition. See Oppo.

Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) (internal citations omitted). Under Rule 37(d)(3), a noncompliant party may be ordered to pay the other party's "reasonable expenses" caused by the discovery abuse. Fed. R. Civ. P. 37(d)(3). "With respect to pro se litigants, including those that are licensed attorneys, the general rule is that attorneys' fees are not a payable 'expense' under Rule 37 'as there is no direct financial cost or charge associated with the expenditure of one's own time.'" Surowiec v. Capital Title Agency, Inc., 790 F. Supp. 2d 997, 1011 (D. Ariz. 2011) (citing Pickholtz v. Rainbow Techs., Inc., 284 F.3d 1365, 1375 (Fed. Cir. 2002), Fosselman v. Gibbs, 2010 WL 1446661, *1 (N.D. Cal. Apr. 7,

2010), and Kay v. Ehrler, 499 U.S. 432, 438 (1991)). However, reasonable expenses under Rule 37 may include "actual costs incurred as a result of the misconduct." Fosselman, 2010 WL 1446661 at *1. The Court's inherent power permits awarding pro se litigants fees for the time spent challenging discovery misconduct, including bringing discovery motions. Surowiec, 790 F. Supp. 2d at 1011.

Defendant is not represented by counsel and he does not specify any actual costs incurred as a result of Plaintiff's misconduct. The Court recognizes that Defendant had to file a motion to compel and reply, however, neither document was lengthy. Because the Court has granted all of Defendant's requests, including deeming the RFAs admitted, the Court declines to impose monetary sanctions on Plaintiff at this time. However, Plaintiff is warned that any future failure to comply with court orders or discovery requests may result in the imposition of monetary and/or evidentiary sanctions.

## SUMMARY AND CONCLUSION

For the foregoing reasons, the Court:

1) **GRANTS** Defendant's request to compel the production of all documents described in his "Requests for Production of Documents, Set One";

2) **GRANTS** Defendant's request to compel answers without objections to his "Interrogatories to John Browning, Set One";

3) **GRANTS** Defendant's request to deem admitted all RFAs set forth in his "Request for Admission, Set One"; and

4) **DENIES** Defendant's request to impose sanctions against Plaintiff.

5) On or before **September 30, 2016**, Plaintiff must serve the interrogatory responses on Defendant and provide the responsive documents to Defendant.

**IT IS SO ORDERED.**

Dated: 9/15/2016

Hon. Barbara L. Major
United States Magistrate Judge