UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROWNING,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DUANE LILIEN, ET AL.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:15-cv-2208-GPC-BLM<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On October 11, 2016, the Court issued an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 34. Plaintiff and counter-defendant John Browning, owner of Browning Construction, filed a response to the order to show cause on October 20, 2016. Dkt. No. 37. Defendant and counter-plaintiff Duane Lilien, owner of Construction Expediters, never filed a reply. For the foregoing reasons, the Court **DISMISSES** this action for lack of subject matter jurisdiction.

## **PROCEDURAL BACKGROUND**

On October 2, 2015, Plaintiff filed a complaint against Defendant Duane Lilien and Greenstar Building Systems, LLC.[1]  Dkt. No. 1.  In the complaint, Browning alleged the following causes of action: 1) wire fraud under 18 U.S.C. § 1341 *et seq.*; 2) breach of contract; 3) unfair business practices pursuant to Cal. Bus. & Prof. Code §§ 17000 *et seq.*; 4) breach of good faith and fair dealing; 5) intentional infliction of emotional distress; 6) quantum meruit/quasi-contract; 7) money had and received; 8) account stated; 9) intentional misrepresentation; and 10) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* (RICO).  *Id.*

Defendant Lilien, proceeding pro se, answered Plaintiff's complaint and counterclaimed for: 1) breach of contract; 2) conversion; 3) trespass to chattel; 4) interference with prospective business advantage; 5) tortious interference with business relationships; 6) tortious interference with contractual relations; 7) fraud; 8) breach of good faith and fair dealing; 9) intentional infliction of emotional distress; and 10) quantum meruit.  Dkt. No. 14 at 12-23.  Plaintiff never filed an answer or a motion to dismiss Defendant's counterclaims.  As a result, on April 20, 2016, the Clerk entered default as to Plaintiff for failure to "plead or otherwise defend in said action as required and provided by the Federal Rules of Civil Procedure."  Dkt. No. 22 at 1.  On August 15, 2016, Defendant filed a motion for summary judgment because Plaintiff had "failed to prosecute his case, because he has failed to respond to discovery, because he has attempted to circumvent the law regarding discovery and because he has failed to communicate with Lilien."  Dkt. No. 24 at 3.  The Court's order to show cause followed.

/ / / /

/ / / /

/ / / /

---

[1] Defendant Greenstar Building Systems, LLC was voluntarily dismissed from the case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on March 3, 2016.  Dkt. No. 17.

## SUBJECT MATTER JURISDICTION

The federal court is one of limited jurisdiction and the burden rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It possesses only that power authorized by the Constitution or statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see also Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (it is well established that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Generally speaking, a court cannot dismiss a matter for lack of subject matter jurisdiction simply because the plaintiff has failed to properly state a federal cause of action. *See Bell v. Hood*, 327 U.S. 678, 682 (1946); *see also Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (noting that jurisdictional dismissals in actions predicated on federal questions are "exceptional"); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039-40 (9th Cir. 2004) (observing that dismissal is improper when "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits"). There is, however, an exception to this general rule when "the alleged claim

under the Constitution or federal statues clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1094 (9th Cir. 2008) (quoting *Bell*, 327 U.S. at 682-83); *see also Steel Co.*, 523 U.S. at 89; *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

## DISCUSSION

In his complaint, Plaintiff stated that the Court had jurisdiction over this action because he had alleged claims arising under 18 U.S.C. § 1341 *et seq.* (wire fraud) and 18 U.S.C. § 1961 *et seq*. (RICO). Complaint ¶ 15 (Dkt. No. 1 at 4). Yet as the Court noted in its order to show cause, Plaintiff's allegations were completely conclusory. *See* Complaint ¶¶ 39-42 (Dkt. No. 1 at 8-9) ("Defendants' communication through US mail, email, phone, and other channels of interstate commerce with knowingly and intentionally false statements to Browning induced him and his agents to act or refrain from acting . . . Defendants intended Browning to rely on the information which was communicated through US mail, email, phone and other channels of interstate commerce . . . the false statements were part of a fraud to obtain money and services from Plaintiff"); *see also id.* ¶¶ 81-84 (Dkt. No. 1 at 13-14) ("Defendants conducted criminal activity intentional misrepresentations regarding payments, and intentionally misrepresented various aspects of the project to the Plaintiff and other subcontractors . . . Defendants' behavior created a pattern of criminal activity for the various years . . . Plaintiff was harmed by Defendants' conduct and is entitled to compensatory and punitive damages."). Because Plaintiff had not alleged any facts, such as, for example, identifying the calls or emails allegedly made to perpetrate fraud or describing the substance of the alleged criminal activity, the Court questioned Plaintiff's federal claims under the *Bell v. Hood* standard. Dkt. No. 34 at 4. The Court also cited Plaintiff's history of delay in prosecuting his case as further support for its suspicion that the federal claims were immaterial, insubstantial, or frivolous. *Id.* at 3.

In his response to the Court's order to show cause, Plaintiff argues that his complaint is not one of the "exceptional cases" that warrants dismissal. *See Leeson,* 671 F.3d at 975. The Court disagrees. Plaintiff's brief does not respond to the Court's concern that his federal claims are frivolous, immaterial, or insubstantial. Instead of explaining to the Court why its concern about lack of subject matter jurisdiction is misplaced, or assuaging the Court that jurisdiction is proper, Plaintiff does nothing more than narrate the state of the law as it pertains to the difference between dismissing a claim for want of subject matter jurisdiction and dismissing a claim for failing to state a claim on which relief can be granted. In fact, the law provides that a Court should dismiss an action where it appears that the federal claim is frivolous, immaterial, or insubstantial. But Plaintiff's brief is utterly silent as to that point.

Plaintiff has failed to produce any facts, other than conclusory assertions, to support the substantiality or materiality of his federal claims. Plaintiff has also failed to timely and properly prosecute this case, reinforcing the frivolous nature of his action.

Plaintiff twice failed to file an answer to Defendant's counter claims. On November 20, 2015, Defendant filed an answer and counter complaint against Plaintiff, and on February 2, 2016 Defendant filed an amended answer and counter complaint. Dkt. No. 3, 14. Plaintiff never responded to either filing. On February 5, 2016, this Court gave Plaintiff notice that it intended to dismiss Plaintiff's case for want of prosecution as to Defendant Greenstar Building, LLC under Federal Rule of Civil Procedure ("Rule") 4(m). Dkt. No. 15. Plaintiff voluntarily dismissed Defendant Greenstar on March 3, 2016, approximately a week before the Court was to hold its Rule 4(m) hearing. Dkt. No. 17.

Plaintiff also failed to respond to Defendant's discovery requests. On August 15, 2016, Defendant filed a motion to compel discovery because Plaintiff had not answered a single discovery request by the due date. Dkt. No. 31. The magistrate judge granted

Plaintiff's motion to compel in its entirety[2] and in so doing noted that "Plaintiff ha[d] not provided the Court with an explanation or justification for his failure to serve timely objections or responses to Defendant's interrogatories." *Id.* at 7. In that ruling, the magistrate judge further ordered that, "on or before September 30, 2016," Plaintiff "serve interrogatory responses on Defendant and provide the responsive documents to Defendant." *Id.*

On November 8, 2016, Defendant filed a motion to enforce the Court's August 15, 2016 Order because Plaintiff had failed to comply with the magistrate judge's September 30, 2016 deadline. Dkt. No. 39. A party who fails to obey a discovery order may be subject to sanctions under Rule 37(b)(2)(A) including staying of proceedings, dismissal of the action, default judgment, or being held in contempt of court. Fed. R. Civ. P. 37(b)(2)(A). Although the magistrate judge has yet to rule on Defendant's motion to enforce, this would not be the first instance of Plaintiff flouting a court order. On August 16, 2016, the Court issued a briefing schedule to address Defendant's motion for summary judgment as to Defendant's counter claims, but Plaintiff never filed a response. Dkt. No. 25.

In sum, the record before the Court makes clear that Plaintiff's case is one of the "exceptional" cases where dismissal is justified. Plaintiff's federal claims are immaterial, insubstantial, and frivolous. Plaintiff's complaint offered no specific allegations or evidence in support of his federal claims. Plaintiff's response to the Court's order to show cause, which was filed a year after the complaint and long after the close of discovery, also provided no factual basis for his federal claims. Finally, Plaintiff's conduct before this Court, as recounted above, confirms the frivolous nature of his federal action. As such, the Court **DISMISSES** this action for lack of subject matter

---

[2] Specifically, the magistrate judge granted Defendant's request to compel production of documents, to compel answers without objections, and to deem all "Requests for admission" as admitted. Dkt. No. 31 at 10. The only request that the magistrate denied was that for sanctions under Rule 37. *Id.*

1  jurisdiction.  *See* Rule 12(h)(3) ("If the court determines at any time that it lacks subject
2  matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y&H Corp.*,
3  546 U.S. 500, 500 (2006) (lack of subject matter jurisdiction may be raised at any stage
4  of the litigation, even after trial and the entry of judgment).  Accordingly, Plaintiff must
5  refile in state court.

6  **IT IS SO ORDERED.**

8  Dated:  November 18, 2016

Hon. Gonzalo P. Curiel
United States District Judge